1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11       RUDY LATSCHA,                              Case No. 2:22-CV-02688-SVW-MAA

12                              Petitioner,         **ORDER OF DISMISSAL**

13               v.

14       KEN CLARK,

15                              Respondent.

16

17   **I.      SUMMARY OF PROCEEDINGS**

18           On April 19, 2022, Petitioner Rudy Latscha ("Petitioner"), a California state

19   inmate proceeding *pro se*, filed a petition for writ of habeas corpus. ("Petition,"

20   ECF No. 1.)  The Petition alleged seven grounds for federal habeas relief. (*Id*. at 5–

21   7.[1])  However, Petitioner did not pay the $5 filing fee required for Section 2254

22   actions, nor did he submit a request for leave to proceed *in forma pauperis*. (*See*

23   *generally* Pet.)

24           On May 9, 2022, the Court issued an Order directing Petitioner to pay the

25   required $5 filing fee or to submit a completed request for leave to proceed *in forma*

26   *pauperis* by no later than June 9, 2022 ("Order"). (Order, ECF No. 3.)  On July 25,

27   ─────────────────────
28   [1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-
     generated headers of the cited documents.

2022, in the absence of a response from Petitioner to the May 9 Order, the Court issued an Order to Show Cause ("OSC"), ordering Petitioner to show cause by August 24, 2022 why the Court should not recommend that the action be dismissed for want of prosecution.  (OSC, ECF No. 4.)  The OSC stated that if Petitioner filed either the $5 filing fee or a completed request for leave to proceed *in forma pauperis* on or before that date, the OSC would be discharged.  The OSC cautioned Petitioner ] "**that failure to respond to this Order may result in dismissal of the Petition without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**" (*Id.* (emphasis in original).)

To date, Petitioner has failed to file either the $5 filing fee or a completed request for leave to proceed *in forma pauperis* and has failed to respond to either the Order or OSC.  Indeed, Petitioner has not communicated with the Court since filing the Petition on April 19, 2022.

## II.   LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson*

*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

## III.   ANALYSIS

### A.   The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227.  "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990).  In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990

---

[2] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

(quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Petitioner has failed to either pay the $5 filing fee or file a completed request for leave to proceed *in forma pauperis*, has not filed any response to the Order and OSC, and has not otherwise participated in this lawsuit since April 19, 2022.  The Court concludes that Petitioner's inaction and lack of communication with the Court constitute willful unreasonable delay.  *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months).  Petitioner's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket.  *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)).  The first and second factors favor dismissal.

## B.   Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).  "The law also presumes prejudice from unreasonable delay."  *Id*.  The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.  *Pagtalunan*, 291 F.3d at 642.  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."  *Malone*, 833 F.2d at 131.

4

Here, Petitioner has failed to either pay the $5 filing fee or file a completed request for leave to proceed *in forma pauperis*, has failed to otherwise comply with the Order, and has failed to respond to the OSC.  Indeed, Petitioner has not communicated with the Court since April 19, 2022.  As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C.   Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal.  "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."  *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal.  The Court explicitly warned Petitioner that failure to file either the $5 filing fee or a completed request for leave to proceed *in forma pauperis* would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).  (OSC.)  *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").  The Court also extended Petitioner's deadline to comply with the Order from June 9, 2022 to August 24, 2022.  (OSC.)  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction).  The fourth factor weighs in favor of dismissal.

### D.    Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.  However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted).  The case has been stalled by Petitioner's failure to either pay the $5 filing fee or file a completed request for leave to proceed *in forma pauperis*, or otherwise respond to the Order or OSC. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Petitioner's noncompliance and inaction.

### E.    Dismissal Without Prejudice

In summary, Petitioner's failure to either pay the $5 filing fee or file a completed request for leave to proceed *in forma pauperis*, failure to respond to the Order or OSC, and failure to otherwise participate in this lawsuit since April 19, 2022 constitute willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

6

IV.    **CONCLUSION**

IT THEREFORE IS ORDERED that this Petition is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

V.    **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED: September 30, 2022

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE